Di Benedetto, Respondent, vs. Milwaukee Electric Railway & Light Company, Appellant.

*April 24—May 14, 1912.*

*Street railways: Wrongful ejection of passenger: Special verdict: Inconsistency: New trial: Evidence: Credibility of witnesses: Questions for jury: Punitory damages.*

1. In an action for the wrongful ejection of a passenger from a street car, a finding of the special verdict that plaintiff's conduct was not such as to justify the conductor in ejecting him is not inconsistent with a finding that he was not ejected under circumstances of aggravation or cruelty, with vindictiveness or malice; hence there is no such conflict in the verdict as requires a new trial.

2. The evidence being conflicting, the jury were not bound to believe the statements of either of the participants in their entirety.

3. The allowance of punitory damages is never a matter of right but, even where the proper elements are found to exist, rests in the sound discretion of the jury.

Appeal from an order of the circuit court for Milwaukee county: W. J. Turner, Circuit Judge. *Reversed.*

The plaintiff seeks to recover compensatory and punitory damages by reason of having been violently and maliciously ejected by the conductor from a street car belonging to the defendant. The answer is a general denial.

The testimony of the plaintiff, in which he was corroborated, was that the car he wished to take did not stop at the corner and he was compelled to walk a number of steps to board it; that the conductor said to him, "Get on, Ginney, why don't you get the car on the corner?" that he replied that the car was not on the corner; that when the conductor asked him for his fare, he asked the conductor to wait a minute because he had his overalls and heavy coat on and the conductor said,

"You God damn Ginney, go on, I can't wait for you;" that he gave the conductor a quarter and received back five tickets, and then said to the conductor, "So your father could not learn you to talk a little better, a man like you;" that the conductor then said, "Shut up, you Ginney, I will throw you out of the car;" that the conductor grabbed him from the back and pushed him out; that he held onto the car with his hand and that the conductor fell off with him and on top of him; that the conductor went to the front of the car, got the switch hook, and came back with it raised in a threatening manner; that the conductor refused to allow him to get back on the car; and that the conductor at first refused to meet his demand for a return of his ticket, on the ground that he had punched it, but that when another conductor advised him to give back a ticket the conductor did so.    The plaintiff also testified as to his bodily injuries, the amount of his doctor and medicine bills, his weekly earnings, and the time he was out of work because of his injuries.

The conductor testified that the plaintiff gave him less than a half ticket for his fare; that he demanded another ticket or a nickel and reached for the bell cord to stop the car to put the plaintiff off; that the plaintiff drew a knife from his pocket and raised it to strike him; that he grabbed the plaintiff's wrist and they got off of the car together; that the plaintiff chased him toward the front of the car, where the motorman handed him the switch hook; that he did not strike the plaintiff, but told him he could not come back on the car; and that he gave the plaintiff a ticket when advised by another conductor so to do.    He also testified that he did not report the trouble at the company's office.

Other witnesses for the defendant testified that the plaintiff had something eight or nine inches long in his hand, but that they could not distinguish what it was; that the conductor appeared frightened; and that the conductor held the switch

hook aloft ready to strike the plaintiff on returning from the front of the car and desisted when a passenger called to him not to strike the plaintiff. .

The jury returned the following special verdict:

"(1) Did the conductor of the defendant company eject the plaintiff from a car on January 31, 1911, on East Water street, in the city of Milwaukee? *A.* Yes.

"(2) If you answer the first question 'Yes,' then answer this question: Was the conduct of the plaintiff such as to justify the conductor in ejecting him from the car? *A.* No.

"(3) If you answer question 2 'No,' you need not answer question 3. If you answer question 2 'Yes,' then answer this question: Did the conductor use any more force than was reasonably necessary to use in ejecting the plaintiff? *A.* ———.

"(4) If you answer question 2 'No,' then answer the following question: Was the plaintiff ejected from the car under circumstances of aggravation or cruelty with vindictiveness or malice? *A.* No.

"(5) If you answer question 4 'Yes,' then answer this question: Did the defendant ratify the act of the conductor? *A.* ———.

"(6) If you answer question 1 'Yes,' then answer this: Was the conductor, at the time he ejected the plaintiff from the car, in the performance of his duties as a conductor for the defendant company? *A.* Yes.

"(7) If the court should be of the opinion that the plaintiff is entitled to recover damages, in what sum do you assess such damages?

Compensatory ...................... $69.25
Punitory .......................... ₁500.00"

The plaintiff moved the court to change the answer to question 4, to answer question 5 "Yes," and, in the event that this motion should be denied, for a new trial. The defendant moved·for judgment on the verdict.

The court granted a new trial on the ground that the answers to questions 2 and 4 could not be reconciled, and, if it were assumed that the account of the plaintiff was true, the fourth question should have been answered in the affirmative.

The court held that the answers to questions 2 and 4 were irreconcilable, and that since the jury found that the plaintiff's testimony as to the conductor's conduct in ejecting the plaintiff was true, it followed that such evidence showed facts necessarily establishing that the conductor acted cruelly and with malice, and hence that this evidence required an affirmative answer to question 4. For this reason the court held that justice would be promoted by granting a new trial.

Upon the appeal from the civil court to the circuit court the order granting a new trial was affirmed. This is an appeal from the order of the circuit court affirming the order of the civil court.

For the appellant there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *Douglas Van Dyke, Jr.*

For the respondent there was a brief by *O'Connor, Schmitz, Wild & Gross,* and oral argument by *E. J. Gross.*

SIEBECKER, J. The defendant contends that the circuit court erred in affirming the order of the civil court granting a new trial. It is claimed that the civil court erroneously granted the new trial upon alleged inconsistencies in the jury's answers to questions 2 and 4. It is manifest that the new trial was not granted by the trial court in its discretion or because the court entertained an opinion that justice had not been done in compensating the plaintiff for the injuries he had sustained. The verdict found separately the items of compensatory and punitory damages, so that the court might award judgment of either or both amounts, according to plaintiff's rights as established by the facts found by the jury in their special verdict. The defendant asked that judgment be awarded the plaintiff upon the verdict for the amount of the compensatory damages and costs of the action. The plaintiff objected to such judgment and made a motion in the alternative, requesting that the court change the answer of the jury

to question 4 from "No" to "Yes," and, in the event of a denial of such request, that the court grant a new trial. The court refused to change the jury's answer to this question as requested, but granted a new trial upon the ground stated.

It is obvious from the court's ruling and the grounds assigned therefor that he concluded that if the jury, under the evidence in the case, found that the plaintiff was wrongfully ejected from the car by the conductor, they must find that the conductor acted with such cruelty, vindictiveness, and malice as to render defendant liable for punitory damages. We are persuaded that the trial court and the circuit court on appeal erred in this respect. The evidence in many respects is in sharp conflict. The jury evidently believed that the conductor provoked the altercation with the plaintiff by using abusive language toward him when seeking to collect the car fare, and that the plaintiff's conduct did not call for his ejection from the car. This does not necessarily imply, however, that all the plaintiff testified to as to the manner of his ejection must be taken as true. The evidence on this phase of the affair is in sharp conflict. It was witnessed by persons on the car, who testified in the case, and from the whole evidence the jury had good grounds to conclude that the conductor acted wrongfully in the matter, but that there were no such aggravated acts as the plaintiff testified to and that the conductor's acts were free from cruelty and evinced no vindictiveness or malice. The jury were not compelled to believe in their entirety the statements of either of the participants. *Hopkins v. C., M. & St. P. R. Co.* 128 Wis. 403, 107 N. W. 330. The facts and circumstances adduced in the evidence tend to support the conclusion that both parties became actively involved in the affray before it concluded and that both of the participants became aggressive combatants before it ended. In the light of such a situation the jury were justified in finding that the plaintiff's ejection from the car was free from such aggravated acts as amounted to cruelty, and that the conductor did not act

maliciously in the matter. The facts of vindictiveness and malice must expressly appear and are not to be presumed from the fact that the plaintiff was wrongfully ejected from the car. Their existence is one of inference for the jury from the whole case and not for the court as matter of law under the facts and circumstances adduced in evidence. The allowance of punitory damages in such cases is never a matter of right. As stated in *Topolewski v. Plankinton P. Co.* 143 Wis. 52, 71, 126 N. W. 554:

"In all cases the court should decide whether, in any reasonable view of the evidence, punitory damages would be proper and, if so, to then instruct the jury what elements of fact are requisite to justify such damages and make it plain that whether to allow them or not is left to their sound discretion."

We are led to the conclusion that the jury were well justified, under the evidence, in answering question 4 in the negative, that, in the light of the facts and circumstances of the case, such answer in no way conflicts with an affirmative answer to question 2, and that the trial court erred in holding that there was such conflict in the verdict as required a new trial. The circuit court on appeal should have corrected such error and have awarded plaintiff judgment for the amount of the compensatory damages allowed by the jury, with costs.

*By the Court.*—The order appealed from is reversed, and the cause remanded with directions to award judgment as indicated in this opinion.