STATE of Wisconsin, Plaintiff-Respondent,

v.

Victor SPANBAUER, Defendant-Appellant.†

Court of Appeals

*No. 81–2042–CR. Submitted on briefs May 5, 1982.—*
*Decided June 23, 1982.*
(Also reported in 322 N.W.2d 511.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the brief of *Edmund C. Carns* of Oshkosh.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, *Pamela Magee-Heilprin,* assistant attorney general.

Before Voss, P.J., Brown and Scott, JJ.

SCOTT, J.   Victor Spanbauer was convicted of third-degree sexual assault and one count of fornication. He argues that the charges against him should have been dismissed under the doctrine of collateral estoppel because the same allegations were heard and rejected as the basis for parole revocation. We conclude that collateral estoppel does not apply because the legal principles governing parole revocation differ from those governing criminal proceedings. We also reject Spanbauer's other claims based on insufficiency of the evidence, and we affirm.

The charges against Spanbauer were based on an incident involving two women, K.D. and G.H., who were roommates. K.D. testified that at about 2:00 p.m. on November 2, 1980, she took medication prescribed for

her epilepsy. The medication made her drowsy, and, fully clothed, she laid down for a nap. At 2:30 or 3:00 p.m., G.H. called her and asked her to leave the patio door open for her. K.D. got up, opened the door and went back to bed. She awoke at 3:15 p.m. and discovered that she was nude and that a man was having sexual intercourse with her. The man was later identified as Spanbauer. At that point, G.H. returned. G.H. knew Spanbauer, and the two went into G.H.'s bedroom. According to G.H., Spanbauer threatened to beat her if she did not do what he asked. They had sexual intercourse, and Spanbauer left.

Spanbauer was charged on November 10, 1980 and bound over for trial on two counts of second-degree sexual assault contrary to secs. 940.225(2)(a) and 940.-225(2)(d), Stats. Parole revocation proceedings were instituted against Spanbauer on November 11, 1980 on grounds that Spanbauer "sexually assaulted" the two women. The final revocation hearing was held on February 3, 1981, and the examiner decided not to order revocation.

Spanbauer proceeded to trial on the criminal charges, and the jury found him guilty of one count of third-degree sexual assault contrary to sec. 940.225(3), Stats., and one count of fornication in violation of sec. 944.15, Stats. Spanbauer was sentenced to two years in prison on the first count and nine months in prison for fornication, the sentences to be served concurrently. Spanbauer's post-conviction motions were denied. He appeals from both the judgment of conviction and the order denying his motion.

Spanbauer argues that the doctrine of collateral estoppel applies to bar a criminal action where a parole revocation hearing examiner has previously considered the same allegations and decided not to revoke parole.

Collateral estoppel precludes relitigation of an issue of ultimate fact once that fact has been determined by a

valid and final judgment. The same issue cannot be relitigated between the same parties in any future lawsuit. *Ashe v. Swenson,* 397 U.S. 436, 443 (1970).

The Wisconsin Supreme Court has held that collateral estoppel does not bar parole revocation preceedings against a person previously acquitted of criminal charges based on the same allegations. *State ex rel. Flowers v. Department of Health & Social Services,* 81 Wis. 2d 376, 260 N.W.2d 727 (1978).[1] In *Flowers,* the court stated that collateral estoppel applies "where the matter raised in the second suit is identical in all respects with that decided in the first proceeding and *where the controlling facts and applicable legal rules remain unchanged . . . .*" *Id.* at 387, 260 N.W.2d at 734, quoting *C.I.R. v. Sunnen,* 333 U.S. 591, 599 (1948) (emphasis in original). The second proceeding must involve "the same bundle of legal principles" that contributed to the disposition of the first proceeding. *Flowers,* 81 Wis. 2d at 387, 260 N.W.2d at 734.

The court in *Flowers* held that the legal principles applicable in parole revocation proceedings were not the same as those governing criminal actions. "[D]ifferent burdens of proof apply, and the paramount considerations are different," the court stated. *Id.* The standard in revocation proceedings is the "preponderance of the evidence" standard. *Id.* at 388, 260 N.W.2d at 734. The consideration at a revocation hearing is the manner in which the parolee is to serve the sentence imposed for the previous conviction on which his parole is based. *Id.* at 386, 260 N.W.2d at 733.

The revocation decision is not a criminal adjudication. *State ex rel. Hanson v. Department of Health & Social*

[1] Spanbauer seeks to distinguish *Flowers* on grounds that the revocation hearing in *Flowers* occurred after the criminal proceedings. The order of the proceedings is irrelevant because we hold that the proceedings are different *in kind.*

*Services,* 64 Wis. 2d 367, 379, 219 N.W.2d 267, 274 (1974). The ultimate question in revocation proceedings is whether the parolee's rehabilitation can be successfully achieved outside of prison walls or will be furthered by returning him to a closed society. *State ex rel. Lyons v. Department of Health & Social Services,* 105 Wis.2d 146, 149, 312 N.W.2d 868, 870 (Ct. App. 1981).

Here, Spanbauer was allowed to remain on parole even though there were allegations of sexual assault made against him. The determination not to revoke Spanbauer's parole was based upon a weighing of the interests of society and consideration of Spanbauer's rehabilitation.

Under the Wisconsin Constitution and the Wisconsin Statutes, the circuit courts of this state are given exclusive jurisdiction over all criminal matters. Wis. Const. art. VII, § 8; sec. 753.03, Stats. The legislature did not intend to delegate to a non-elected hearing examiner in parole revocation proceedings the authority to determine the guilt or innocence of a defendant. The decision not to revoke Spanbauer's parole is not a binding adjudication of the merits of the criminal charges against him.

Spanbauer also argues that there was insufficient credible evidence to support the verdict against him.

On review of the sufficiency of the evidence, this court will uphold the jury's verdict unless it finds that the evidence, considered most favorably to the State, is so insufficient in probative value and force that it can be said as a matter of law that no trier of facts acting reasonably could be convinced to that degree of certitude which the law defines as beyond a reasonable doubt. *State v. Clark,* 87 Wis. 2d 804, 813–14, 275 N.W.2d 715, 720 (1979).

In the present case, K.D. testified that her medication made her drowsy. She also testified that she was wearing

a cowl neck sweater which slipped off easily. She stated that fifteen to forty-five minutes passed after she got up to open the patio door. Any inconsistency in her testimony as to the time was for the jury to weigh. *Thomas v. State,* 92 Wis. 2d 372, 381–82, 284 N.W.2d 917, 923 (1979). There was sufficient credible evidence from which the jury could reasonably conclude that K.D. was assaulted while she was asleep.

G.H. testified that Spanbauer asked to speak to her in her bedroom. She stated that he then grabbed her and told her that he would beat her if she did not do what he told her to do. They had sexual intercourse, but when he tried to have her perform fellatio, she bit him. When she threatened to call the police, Spanbauer left. We conclude that the evidence was sufficient for the jury to reasonably conclude that Spanbauer had sexual intercourse with G.H. without her consent.

*By the Court.*—Judgment and order affirmed.