**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT CHAVEZ,

        Petitioner - Appellant,

v.

MARK McKINNA and THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

        Respondents - Appellees.

No. 01-1188
(D.C. No. 97-N-725)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Circuit Judge, **BALDOCK,** Circuit Judge, and **ALLEY**, Senior District Judge.[**]

Mr. Robert Chavez appeals the district court's denial of his federal petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This court has jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253 and affirms.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    The Honorable Wayne E. Alley, Senior District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

On June 9, 1986, Mr. Chavez was charged with second degree burglary and theft of over three hundred dollars. The complaint alleged that on May 7, 1986, Mr. Chavez burglarized the Denver home of Tom Severance. The Complaint was amended to allege that Mr. Chavez was a habitual offender. An additional complaint was filed against Mr. Chavez alleging a burglary on May 1, 1986, at the home of John Kelly.

At the time of the filing of the complaints Mr. Chavez was on parole for a prior felony conviction. On June 26, 1986, he was served with a parole violation complaint, alleging the violation of a condition of parole which required him to obey all state and federal laws. Mr. Chavez pled not guilty in state court to the substantive burglary charges and before the parole board denied the alleged parole violation. After a July 3, 1996 hearing before the parole board Mr Chavez was found not guilty of the parole violation and his parole was continued.

Mr. Chavez was tried on the Severance burglary charge on August 17 and 18, 1988. Petitioner contends that prior to trial he informed counsel that he had already been acquitted by the parole board of the Severance burglary, and therefore should not be subject to trial on that same charge. He contends counsel was constitutionally ineffective in failing to raise the defense of collateral estoppel. The jury convicted Mr. Chavez.

Following his conviction on the burglary and theft charge, the State tried six habitual criminal charges to the jury. Mr. Chavez was convicted on all six counts and sentenced to life imprisonment. His conviction and sentence were affirmed by the

2

Colorado Court of Appeals. Mr. Chavez sought post-conviction relief in the Denver District Court. The court held an evidentiary hearing on January 23, 1993, on the issue of whether counsel was ineffective in failing to assert a defense of collateral estoppel in light of the parole board's "not guilty" determination. The court denied relief and Mr. Chavez appealed the denial to the Colorado Court of Appeals, which affirmed.

In federal district court petitioner asserted a variety of claims to support his theory that his conviction was unlawful, including the two claims for which a certificate of appealability was granted. Petitioner argues here, as he did before the district court, that he was denied the effective assistance of counsel due to counsel's failure to assert a defense of collateral estoppel. The magistrate recommended dismissal because Petitioner had not established that counsel's performance was so deficient as to fall outside the range of professionally competent assistance. The magistrate further concluded that Petitioner had failed to establish prejudice as a result of counsel's failure to assert collateral estoppel. Mr. Chavez also argued that juror bias, stemming from the trial court's failure to remove a potential juror for cause, denied him a fair trial. The magistrate judge recommended dismissing the petition on this claim because the juror's uncertainty about her ability to be impartial was attributable to her desire to avoid jury service rather than prejudice against the accused. The district court adopted the recommendation.

During jury selection a prospective juror, Ms. Cassel, was interviewed in chambers because of certain responses in her juror questionnaire. Ms. Cassel was removed from the jury panel by peremptory challenge and did not serve on the jury that found Petitioner guilty of the Severance burglary. Petitioner contends juror Cassel admitted her bias, allegedly the result of her victimization on numerous prior occasions. The court inquired of Ms. Cassel about her answers to the juror questionnaire. She responded that her daughter had been the victim of a molestation and that her home had been burglarized several times six years earlier. When called upon to further explain her answers Ms. Cassel admitted that her reluctance to serve as a juror resulted from her new job and the ill-timing of her service. She indicated that because she did not want to serve as a juror she might be less attentive than otherwise. Either Mr. Chavez or the prosecution utilized a peremptory strike to remove Ms. Cassel from the jury.[1]

The district court concluded that the determination of the state trial judge regarding Ms. Cassel's lack of bias was entitled to deference. *See United States v. Chanthadara*, 230 F.3d 1237, 1272 (10th Cir. 2000), *cert. denied*, --- U.S. ---, 122 S.Ct. 457, 151 L.Ed.2d 376 (2001); *Castro v. Ward*, 138 F.3d 810, 824 (10th Cir. 1998). In any event,

---

[1] At page 90 of the transcript provided as Exhibit 42 of the Record on Appeal it is indicated that Mr. Johnson, trial counsel for Petitioner, exercised a peremptory strike to remove Ms. Cassel from the jury. In the second copy of the transcript, provided as Volume VI of Exhibit 21 of the Record on Appeal, Mr. Johnson's name does not appear, although the omission appears to be a typographical error. Regardless, Ms. Cassel did not serve on the jury that convicted Mr. Chavez.

because Ms. Cassel was removed by a peremptory challenge and because Petitioner has failed to establish that there were any biased jurors actually sitting, his claim must fail. *See Ross v. Oklahoma*, 487 U.S. 81, 88 (1988); *United States v. Brooks*, 161 F.3d 1240, 1245 (10th Cir.1998) (even if the district court erred in refusing to excuse a biased juror for cause, the error was harmless because the defendant exercised a peremptory challenge to strike the juror). Accordingly, Petitioner is not entitled to § 2254 relief on this claim.

This case is governed by the provisions by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, when the state court has adjudicated a claim a petitioner may obtain federal habeas relief only if the state court decision "'involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Walker .v Gibson*, 228 F.3d 1217, 1225 (10th Cir. 2000) (quoting 28 U.S.C. § 2254(d)(1), (2)), *cert. denied*, --- U.S. ---, 121 S.Ct. 2560, 150 L.Ed.2d 729 (2001). Here, the state court decision in question is the Denver District Court's denial of post-conviction relief, affirmed by the Colorado Court of Appeals. State court factual findings are presumptively correct, and petitioner bears the burden of rebutting that presumption by clear and convincing evidence. *Id.*

Petitioner contends trial counsel was ineffective in failing to raise the issue of collateral estoppel. As noted above, the state court's decision on factual matters is

entitled to deference absent clear and convincing evidence that the state court decision was incorrect. 28 U.S.C. § 2254(e)(1). Petitioner argues here, as he has throughout his post-conviction litigation, that the parole board considered the Severance burglary, not the Kelly burglary. The state court conducted an evidentiary hearing on the matter. Because parole records are maintained for only three years, they were not available on post-conviction. Petitioner testified that the parole board considered the Severance burglary and all of the same witnesses appeared at his hearing and at trial. The court found, however, that Petitioner's testimony was not credible. Petitioner presents no evidence to rebut the state court's conclusion that his testimony regarding the subject matter of the parole hearing was not credible. This Court cannot impose its own independent judgment on an issue of credibility to overrule the decision of a court that had the opportunity to view Petitioner's testimony first-hand. *Bryan v. Gibson*, 276 F.3d 1163, 1171 (10th Cir. 2001) (resolving factual issues depends on the factfinder's evaluation of the credibility and demeanor of witnesses). Petitioner has failed to rebut the presumption of correctness that attaches to this State court factual finding by presenting clear and convincing evidence that the parole revocation hearing and his trial on the Severance burglary involved the same issues. *See* 28 U.S.C. § 2254(e)(1). Although this failure moots his ineffective assistance claim, the claim also fails for other reasons.

Mr. Chavez argues that trial counsel should have argued that the criminal trial on the Severance burglary was precluded by the earlier "not guilty" determination made by

the parole board because the two proceedings involved the same crime. Petitioner asserts the parole board considered the same crime at its hearing as was presented at his trial on the Severance burglary, so trial counsel should have argued that the State was collaterally estopped from pursuing the criminal charges.

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, Mr. Chavez must establish that (1) trial counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Id.* at 688, 694; *see also Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). To satisfy the first prong of this test, petitioner must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* We review petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he rendered his legal services, not in hindsight. *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998). In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled. *United States v. Cronic*, 466 U.S. 648, 665 n. 38 (1984).

Before turning to the merits of the omitted issue, we note that consideration of Petitioner's ineffective assistance claim is circumscribed by the Colorado Court of Criminal Appeal's resolution of that claim. Petitioner asserted the identical ineffective

7

assistance claim in his application for post-conviction relief, and the Colorado Court of Appeals resolved it against him on the grounds that trial counsel's performance was not deficient. Under the AEDPA standards of review, we are bound by that determination unless we conclude the Colorado Court of Appeals unreasonably applied *Strickland* in reaching this determination. See 28 U.S.C. § 2254(d)(1); *see also*, *Hain v. Gibson*, --- F.3d. ---, 2002 WL 241289, *5 (10th Cir. Feb. 20, 2002).

Petitioner was tried on the Severance burglary charge in 1988. At the post-conviction evidentiary hearing Petitioner's trial counsel testified that the issue of collateral estoppel never crossed his mind as applicable to Mr. Chavez's case. During the evidentiary hearing Petitioner's expert witness testified that in 1988 courts addressing the applicability of collateral estoppel to preclude criminal proceedings following parole revocation hearings had "come down all over." In fact, at that time a majority of courts that had considered the issue had determined that parole revocation hearings by administrative bodies did not operate to estop subsequent criminal proceedings. *See People v. Fagan*, 489 N.E.2d 222 (N.Y. 1985); *State v. Dupard*, 609 P.2d 961 (Wash. 1980); *State v. Spanbauer*, 322 N.W.2d 511 (Wis.Ct.App. 1982). Even in cases where a judge denied revocation of probation, courts had declined to apply collateral estoppel to bar prosecution. *See United States v. Miller*, 797 F.2d 336, 338-41 (6th Cir. 1986); *Green v. State*, 463 So.2d 1139 (Fla. 1985); *State v. Williams*, 639 P.2d 1036 (Ariz. 1982); *Lucido v. Superior Court*, 795 P.2d 1223 (Cal. 1990). In 1998, the defense of collateral

8

estoppel following acquittal in a parole violation hearing was not generally a successful defense to related criminal charges so as to require trial counsel to have raised the issue in order to satisfy his duties under the Constitution.

Petitioner asks this Court to find that it was unreasonable for the Colorado Court of Appeals to conclude that counsel's performance was within the bounds of professionally reasonable behavior. However, in 1988 there was no authority under Colorado law for estopping a criminal trial following acquittal in a parole violation hearing. Furthermore, based on the then-extant case law from other jurisdictions there would have been no basis from which counsel should have recognized the issue and predicted that such a challenge would be successful.[2]

> If counsel's failure to anticipate a change in the law will not establish that counsel performed below professional standards, *see Parker v. Bowersox*, 188 F.3d 923, 929 (8th Cir. 1999) (28 U.S.C. § 2254 case), *petition for cert. filed*, No. 99-7489 (U.S. Dec. 17, 1999), then counsel's failure to anticipate a rule of law that has yet to be articulated by the governing courts surely cannot render counsel's performance professionally unreasonable.

*Fields v. United States*, 201 F.3d 1025, 1028 (8th Cir. 2000). We review counsel's performance relative to the law as it existed at the time of Mr. Chavez's conviction. Due to the unsettled nature of the law in Colorado and the contrary weight of authority from other jurisdictions, it would not have been unreasonable for counsel to pretermit the issue

---

[2] This is not a case where the issue is whether counsel made a strategic decision to forego raising the issue. Counsel admitted at the evidentiary hearing that the issue did not occur to him. Therefore, the query is whether counsel's failure to reflect and recognize the issue rendered his performance constitutionally inadequate.

of collateral estoppel. The Colorado Court of Appeals did not unreasonably apply *Strickland*, and accordingly, Petitioner is not entitled to relief on this claim.[3]

In addition, the Colorado Court of Appeals concluded that Petitioner had failed to establish that he was prejudiced by counsel's allegedly deficient performance because Petitioner failed to establish the elements to support a defense of collateral estoppel. In order to prevail on a collateral estoppel defense Petitioner would have been required to establish that (1) the issue the State litigated in his criminal trial was actually and necessarily decided in his parole revocation hearing; (2) there was a final judgment on the merits of his parole hearing; (3) the State was a party to the parole revocation hearing; and (4) he was a party to the parole revocation hearing. *See People v. Allee*, 740 P.2d 1 (Colo. 1987) (generally outlining the requirements for applying collateral estoppel in a criminal case). As noted above, the Colorado courts determined that Petitioner had failed to establish that his parole revocation hearing involved the same allegations as his conviction on the Severance burglary; and this factual finding is entitled to deference. Therefore, Petitioner could not have established the elements of collateral estoppel, and

---

[3]    Petitioner's reliance on the 1990 unpublished case of *People v. Garrett*, Case No. 88CA1702, April 12, 1990) (not selected for official publication), was considered by the Colorado Court of Appeals. The court noted that *Garrett* was not decided until after Petitioner's trial, and thus was not available to offer guidance to trial counsel. The court further noted that unpublished opinions have no precedential value, and accordingly, *Garrett* was not an appropriate basis for granting Petitioner relief.

cannot establish that he would have prevailed on the argument had it been raised by counsel.

It is clear that the Colorado Court of Appeals's application of *Strickland* to Petitioner's claims was not unreasonable. Therefore, Petitioner is not entitled to relief on this basis.

For the reasons set forth herein, the judgment of the United States District Court for the District of Colorado is AFFIRMED.

ENTERED FOR THE COURT

WAYNE E. ALLEY<br>
Senior District Judge